**In the United States District Court
for the Southern District of Georgia
Brunswick Division**

FILED
U.S. DISTRICT COURT
2006 DEC 20 A 9:36

| | | |
|---|---|---|
| DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC, successor-in-interest to DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC, | : : : : : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| NATHAN MOBLEY CHRYSLER, DODGE, JEEP, INC., NATHAN MOBLEY, TERESA RHYMES f/k/a TERESA MOBLEY, and CERTIFIED AUTO SALES, INC., | : : : : : | |
| Defendants. | : | NO. CV206-021 |

### O R D E R

Plaintiff, DaimlerChrysler Financial Services Americas LLC ("DaimlerChrysler"), filed the above-captioned case against Nathan Mobley Chrysler, Dodge, Jeep, Inc. (the "Dealership" or "Borrower"), Nathan Mobley, Teresa Rhymes, and Certified Auto Sales, Inc. ("Certified"), alleging breach of contract, breach of fiduciary duties, and related claims.

AO 72A
(Rev. 8/82)

On October 24, 2006, the Court granted Plaintiff's motion for summary judgment as to its breach of contract and breach of guarantees claims. Because Plaintiff was entitled to recover the full amount of its damages from Defendants based on that determination, the Court did not reach Plaintiff's motion for summary judgment on its other claims, alleging breach of fiduciary duties, fraud, and conversion. Presently before the Court is Plaintiff's motion for reconsideration. Plaintiff submits that the Court ought to consider its alternative counts to prevent Defendants from seeking a discharge in bankruptcy of the entire debt.

The motion for reconsideration will be **GRANTED**. The Court will find that the Dealership is liable as a matter of law for breach of fiduciary duties, but that Mobley is not. In addition, while neither the Borrower nor Mobley are liable for fraud as a matter of law, Plaintiff is entitled to summary judgment against said Defendants for conversion.

## BACKGROUND

On October 27, 2004, the Borrower entered into a master loan and security agreement, also known as a floor plan loan, to finance inventory at the car dealership it operated in

AO 72A
(Rev. 8/82)

McRae, Georgia. Under the note, the Borrower promised to repay all extensions of credit, plus interest and other charges, as set forth in the loan agreement. The Dealership also agreed to grant DaimlerChrysler a security interest in all of its inventory and equipment to serve as collateral for the loan. Further, the Borrower agreed that upon the sale or lease of any items of inventory, it would pay over certain sale or lease proceeds to DaimlerChrysler. Moreover, Mobley, Rhymes, and Certified executed additional agreements, whereby each guaranteed the Dealership's obligations to pay DaimlerChrysler under the loan agreement.

During the fall of 2005, the Dealership began to experience serious cash flow problems. By the end of October 2005, Mobley's bank account was overdrawn by more than $100,000, and the Dealership owed more than $250,000 in delinquent vehicle lien payoffs and sales taxes. Mobley began using sales proceeds from the Dealership's inventory to pay off other Dealership debts instead of promptly remitting those sums to DaimlerChrysler.

When DaimlerChrysler became apprised of the Borrower's financial difficulties, it began performing weekly audits of the Dealership's inventory, and scrutinized the Dealership's financial statements more closely. As a result,

AO 72A
(Rev. 8/82)

DaimlerChrysler Dealer Relations Manager, Leanne Jackson, discovered that the Dealership had failed to pay over $108,000 in sales taxes to the State of Georgia. On November 2, 2005, in response to Jackson's demand that these taxes be paid, Mobley produced certified checks made payable to the Georgia Department of Revenue. Nonetheless, contrary to Mobley's representations to DaimlerChrysler, the checks were not submitted to the Government.

On December 19, 2005, DaimlerChrysler conducted a weekly audit of the Borrower's inventory, and found no significant irregularities. The following day, the Dealership sold thirteen vehicles from its inventory to another Chrysler dealer, Trapnell Chrysler in Jesup, Georgia, and others, without informing DaimlerChrysler, or remitting any sales proceeds realized from this transaction to DaimlerChrysler. In total, the floor plan financing provided on those thirteen vehicles by DaimlerChrysler to the Dealership totaled $341,640.00.[1]

---

[1] During his deposition, Mobley also admitted to selling specialty tools to Trapnell Chrysler, which was collateral securing its floor plan loan, without notifying DaimlerChrysler, or paying over any proceeds to DaimlerChrysler.

4

On December 29, 2005, the Borrower unilaterally ceased operations, and closed the McRae dealership without DaimlerChrysler's consent, in violation of its written obligation to DaimlerChrysler. That day, Mobley executed a voluntary surrender agreement in DaimlerChrysler's favor, ceded possession of all of the Borrower's collateral to DaimlerChrysler, and admitted that he was liable for any deficiency owed to DaimlerChrysler after sale of the collateral.

At the time of the voluntary surrender, the principal amount owed to DaimlerChrysler was $1,705,493.00, plus $26,829.28 in interest. After liquidating the Dealership's remaining collateral, a deficiency balance of $532,616.52 remained, plus accrued interest of $78,293.18 through July 2006, and $120.38 per day thereafter, through the date of judgment (a rate of 8.25% per annum).

During Mobley's deposition, he admitted that the Borrower owes DaimlerChrysler for the sales it made out of trust to Trapnell Chrysler in December 2005, and for any deficiency balance it owed after the liquidation of its collateral.

**SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in his favor. . . ", United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(internal quotation marks omitted).

**DISCUSSION**

**I.   Count Three**

Plaintiff seeks summary judgement against the Dealership and Mobley on its breach of fiduciary duties/breach of trust claim. DaimlerChrysler argues that the Borrower breached its

AO 72A
(Rev. 8/82)

fiduciary duties to DaimlerChrysler by selling vehicles to Trapnell Chrysler, and others, out of trust, thereby misappropriating $341,640.00 from DaimlerChrysler.

> To establish a claim for breach of fiduciary duty, plaintiff must prove the following three elements: "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." SunTrust Bank v. Merritt, 272 Ga.App. 485, 489, 612 S.E.2d 818 (2005).
>
> . . .
>
> A fiduciary duty is established under Georgia law where the parties enjoy a confidential relationship. Harris v. Fulton-DeKalb Hosp. Authority, 255 F. Supp.2d 1347, 1375 (N.D.Ga.2002).
>
> Any relationship shall be deemed confidential, whether arising from nature, created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith[.]

Wilchombe v. Teevee Toons, Inc., No. Civ.A. 1:04CV1775-MHS, 2006 WL 1553939 at *2 (N.D. Ga. June 2, 2006).

Under the loan agreement, the Borrower agreed that all proceeds from the sale or lease of its inventory was the property of DaimlerChrysler, and that it held such proceeds in trust for the benefit of DaimlerChrysler. Moreover, the Borrower specifically assumed fiduciary obligations in favor of DaimlerChrysler under the agreement. Mobley Dep. 51-52 & Ex. 3; Foster Aff. ¶¶ 9 & 10 & Ex. A. The Dealership is liable

AO 72A
(Rev. 8/82)

for breaching its fiduciary duties to DaimlerChrysler by making sales out of trust to Trapnell and others.

DaimlerChrysler argues that Mobley should also be held personally liable for this breach of trust because Mobley was acting as the Borrower's alter ego in its transactions with DaimlerChrysler. DaimlerChrysler argues that Mobley abused the corporate form, treating it as a mere instrumentality for the transaction of his own affairs. DaimlerChrysler posits that to observe the corporate form would work an injustice and condone Mobley's fraud. United States v. Fidelity Capital Corp., 920 F.2d 827, 836-37, 838 n.37 (11th Cir. 1991).

Nonetheless, imposing liability by piercing the corporate veil requires a fact-specific inquiry. United Steelworkers of Am., AFL-CIO-CLC v. Connors Steel Co., 855 F.2d 1499, 1506 (11th Cir. 1988).

> This standard for the determination of whether a corporation is the alter ego of its shareholders or officers is difficult to meet. Accordingly, courts must exercise "great caution," and must not disregard the corporate entity without a showing that the corporate form has been abused.

Fidelity Capital Corp., 920 F.2d at 837 (quoting Maley v. Carroll, 381 F.2d 147, 153 (5th Cir. 1967)).

Mobley acknowledged during his deposition that he used DaimlerChrysler funds from the Dealership's sales to pay other

corporate obligations. However, this fact alone is not sufficient to disregard the corporate form. While the Dealership itself is liable for the breach of trust as a matter of law, Mobley is not. Genuine issues of material fact remain in dispute regarding whether Mobley's liability for breach of trust. There has been no allegation, much less any uncontroverted evidence, that Mobley used proceeds from the sale of inventory to satisfy his own personal debts or obligations. As a result, summary judgment is appropriate in DaimlerChrysler's favor for breach of trust as to the Dealership, but not Mobley.

## II. Count Four

DaimlerChrysler has also moved for summary judgement against the Borrower and Mobley on its fraud claim. "A plaintiff who claims fraud must show: '(1) a false representation by defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from action; (4) justifiable reliance by the plaintiff; and (5) damages.'" Smith v. McClung, 215 Ga. App. 786, 787 (1994)(quoting Centennial Life Ins. Co. v. Smith, 210 Ga. App. 194, 195 (1993)).

9

DaimlerChrysler asserts that by selling the vehicles out of trust to Trapnell, the Borrower and Mobley committed fraud, rendering them liable on this count in the amount of $341,640.00.

In this respect, there is some evidence that Mobley concealed certain material facts from DaimlerChrysler. Yet, there is no evidence that DaimlerChrysler justifiably relied on said misrepresentations or omissions. Not every breach of contract amounts to fraud, and any representations made when the Dealership entered into the initial floor plan loan with DaimlerChrysler are irrelevant. While DaimlerChrysler may recover under other legal theories for the sale of inventory to Trapnell Chrysler out of trust, it has not proven that it is entitled to recover, as a matter of law, on its fraud claim.

### III.    Count Six

DaimlerChrysler has moved for summary judgement against Mobley, Rhymes, and Certified on its conversion claim.

> "To make out a prima facie case, in an action for damages for conversion of personal property, the plaintiff must show title to the property, possession by the defendant, demand for possession, and refusal to surrender the property, or an actual conversion prior to the filing of the suit." Any distinct act of dominion and control wrongfully asserted over another's personal property, in denial of his right

> or inconsistent with his right, is a conversion of such property.

Johnson v. Citimortgage, Inc., 351 F. Supp. 2d 1368, 1372 (N.D. Ga. 2004)(citations omitted).

DaimlerChrysler argues that the Borrower and Mobley are liable for conversion due to their conduct in selling the thirteen vehicles out of trust, and then using the proceeds therefrom to pay other debts or obligations. As has been stated, Mobley admits that these funds are due to DaimlerChrysler. On January 5, 2006, DaimlerChrysler demanded the return of these funds by letter, but Defendants have not paid the sum to date. Mobley Dep., Ex. 2; Foster Aff. ¶¶ 21-22. The Borrower and Mobley are liable for conversion of said funds as a matter of law.

## CONCLUSION

For the reasons explained above, Plaintiff's motion for reconsideration is **GRANTED**. Plaintiff's motion for summary judgment as to its conversion count is **GRANTED**, and Plaintiff's motion for summary judgment as to its fraud count is **DENIED**. DaimlerChrysler's motion for summary judgment on its breach of fiduciary duties count is **GRANTED** as to the Borrower, Nathan

Mobley Chrysler, Dodge, Jeep, Inc., but **DENIED** as to Nathan Mobley. Dkt. Nos. 37 & 21.

**SO ORDERED**, this ___20___ day of December, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)